# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

RICHARD OLAWALE,  Case No. 1:10-cv-740
    Petitioner,

                                        Beckwith, J.
vs                                        Bowman, M.J.

DEPARTMENT OF HOMELAND              **REPORT AND**
SECURITY, FIELD AREA DIRECTOR, et al.,    **RECOMMENDATION**
    Respondents.

On April 1, 2011, the undersigned issued an Order to Show Cause, directing the petitioner to show cause, in writing, within fifteen (15) days, why this Court should not dismiss this case, construed as a habeas corpus petition filed pursuant to 28 U.S.C. § 2241, for lack of prosecution or on mootness grounds. (Doc. 16). To date, petitioner has not responded to the show cause order, which was returned to the Clerk by the United States Postal Service as "undeliverable" on April 8, 2011. (Doc. 18).[1]  In the meantime, however, one of the named respondents, the Department of Homeland Security, has filed a response in opposition to the petition. (Doc. 19).

The petition, which was filed on January 18, 2011 upon petitioner's payment of the $5.00 filing fee, does not allege specific grounds for relief; instead, petitioner, who was incarcerated at the Butler County Jail at that time, only requested to be transferred to Lancaster, California, for a scheduled "bond hearing" in an immigration proceeding. (Doc. 9). In the opposition

---

[1] It is noted that a second copy of the show cause order, sent by certified mail to petitioner's last known address at the Butler County Jail, also was "returned to sender" on April 19, 2011. (Doc. 20).

memorandum, respondent contends that the petition should be denied as moot because (1) on February 25, 2011, the United States Court of Appeals for the Ninth Circuit denied petitioner's petition for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's decision finding him removable, and ordered his removal to his home country of Nigeria; and (2) on March 7, 2011, petitioner filed a motion with the Ninth Circuit to withdraw the stay of removal in place since November 2006 and "to expedite the issuance of the mandate so that there will no longer be an impediment to his removal" to Nigeria. (*See* Doc. 19, Exs. A-B).

District courts have the power to dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962). By failing to keep the Court informed of his current address, petitioner demonstrates a lack of prosecution of this action.

In addition, it appears that petitioner is no longer in the custody of the Butler County Sheriff or other governmental agency within this Court's jurisdiction, and indeed, is now in the process of seeking his expedited removal to Nigeria. Therefore, the habeas petition requesting only a "change of venue" no longer presents a case or controversy within the meaning of Article III, § 2, of the Constitution and is subject to dismissal as moot. *Cf. Baez v. Hamilton Cnty.*, No. 1:07cv821, 2008 WL 161240 (S.D. Ohio Jan. 15, 2008) (Dlott, J.; Black, M.J.); *see also Dent v. Dep't of Homeland Sec.,* No.1:10cv00140, 2011 WL 13565 (N.D. Ohio Jan. 3, 2011); *Lopez v. Scott,* No. 2:10-cv-226-FtM-29SPC, 2010 WL 1708468 (M.D. Fla. Apr. 26, 2010).

Accordingly, it is hereby **RECOMMENDED** that petitioner's *pro se* pleading entitled "Motion for Change of Venue Pursuant to 28 U.S.C. 2241," which has been construed as a

petition for federal habeas corpus relief (Doc. 9), be **DISMISSED** with prejudice for want of prosecution and on the ground that petitioner's request for habeas corpus relief has been rendered moot.

      **IT IS SO RECOMMENDED**.

                                             <u>s/Stephanie K. Bowman</u>
                                             Stephanie K. Bowman
                                             United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RICHARD OLAWALE,
    Petitioner,

vs

DEPARTMENT OF HOMELAND
SECURITY, FIELD AREA DIRECTOR, et al.,
    Respondents.

Case No. 1:10-cv-740

Beckwith, J.
Bowman, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).